UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VIOLETA DZIKOVIC, HATIXHA ZHERKA, KUJTIM ZHERKA, JOHN O'NEILL, GABRIEL POTENTE, MADLIN SULEIMAN, LANA MARJI, KENNETH HESLOP, RANDA SAYEGH, CHANDRA SOOKDEO, JONI CAMPBELL, YOLANDA COLLAZO, ROBERTO RODRIGUEZ, GUILLERMO CORSO, CHEZEKIA CORSO, ARACELIS BATISTA, ALICIA CORZO, MARIO MARTINEZ, ANGEL FELIZ, Sr., ANGEL FELIZ, Jr., DOMINICK D'INTINO, ROBERT PALERMO, SAL POTENTE, JAMES CAREY, VERONIKA DZIKOVIC and DEREK ROBERTO,

                 Plaintiffs,

-against-

PHILIP AMICONE, individually, EDMUND HARTNETT, individually, JOHN A. LISZEWSKI, individually, LAWRENCE A. PORCARI, Jr., CITY OF YONKERS, New York, PAUL WOOD, individually, POLICE OFFICERS JOHN DOES #1 to #20, individually, and SANITATION WORKERS #1 to #20, individually,

                 Defendants.

ECF Case

07 Civ. 7692 (CLB)

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS THE COMPLAINT AS AND AGAINST
<u>DEFENDANT LAWRENCE A. PORCARI, JR.</u>**

THACHER PROFFITT & WOOD LLP
*Attorneys for Defendants*
50 Main Street
White Plains, New York 10606
(914) 421-4100

## PRELIMINARY STATEMENT

Defendant Lawrence A. Porcari, Jr. ("Porcari") by and through his attorneys, Thacher Proffitt & Wood LLP, respectfully submits this memorandum of law in support of his motion to dismiss the Complaint dated August 28, 2007 (the "Complaint") as and against him pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the doctrines of absolute and qualified immunity.

The Complaint should be dismissed as and against Porcari. As a preliminary matter, none of the allegations set forth in the Complaint, as and against Porcari, have anything to do with any of Plaintiffs, who are alleged readers of The Westchester Guardian (the "Newspaper"). To be sure, there is no allegation that Porcari had any interaction with any of Plaintiffs.

Porcari has absolute immunity over the claims asserted against him in the Complaint because his alleged actions are well within the scope of his duties and functions as an attorney with the Office of the Corporation Counsel of the City of Yonkers (the "Office of the Corporation Counsel").

Alternatively, Porcari is entitled to qualified immunity. Porcari's alleged actions were taken against employees and one officer of the Guardian News, Inc. (the "Guardian"), none of whom are plaintiffs herein. Such alleged actions, therefore, would not violate the constitutional rights of Plaintiffs, alleged readers of the Newspaper.

In any event, accepting the factual allegations as true for the purposes of this motion, it was objectively reasonable for Porcari to believe that his alleged actions were lawful at the time. Indeed, such alleged actions consisted of informing individuals, not Plaintiffs, that if they violated the Yonkers City Code (the "Code"), they would receive summonses. Such alleged actions are not unreasonable, unlawful or actionable.

Accordingly, the motion to dismiss the Complaint as and against Porcari should be granted.

## STATEMENT OF FACTS

This action concerns the distribution of the Newspaper by hand in and around City Hall in the City of Yonkers, New York (the "City"). Porcari vehemently opposes the factual allegations set forth in the Complaint. However, for the purposes of this motion, accepting said factual allegations as true, the Complaint fails to state a claim against Porcari.

## ARGUMENT

## STANDARD OF REVIEW

In considering a motion to dismiss, the court must accept as true all factual allegations in the Complaint and draw all inferences in favor of plaintiff. Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, (1993); Todd v. Exxon Corp., 275 F.3d 191 (2d Cir. 2001). Dismissal for failure to state a claim is not warranted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief". Todd, 175 F.3d at 197-98, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957), abrogated on other grounds, Bell Atlantic Corp., 127 S.Ct. 1955 (2007).

## POINT I

## PORCARI IS ENTITLED TO ABSOLUTE IMMUNITY

A prosecutor who faces a § 1983 suit in his individual capacity may claim absolute prosecutorial immunity where the conduct in question was "intimately associated with the judicial phase of the criminal process."[1] Ying Jing Gan v. City of New York, 996 F.2d 522, 530

---

[1] Under the Code, the Corporation Counsel and his staff, including Porcari, prosecute violations of the Code. See Declaration of Andrew B. Zinman dated September 26, 2007, Ex. B.

2

(2d Cir. 1993), quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976); see also Pinaud v. County of Suffolk, 52 F.3d 1139 (2d Cir. 1995).

Determining whether a prosecutor enjoys absolute immunity "depends principally on the nature of the function performed, not on the office itself." Ying Jung Gan, 996 F.2d at 530; see also Kalina v. Fletcher, 522 U.S.118 (1997) (reaffirming the functional approach). The fact that a defendant allegedly behaves "[im]properly within the role of a prosecutor is immaterial because '[t]he immunity attaches to his function, not to the manner in which he performed it.'" Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994), quoting Barrett v. United States, 798 F.2d 565, 573 (2d Cir. 1986) (prosecutor absolutely immune from liability on claim that he conspired to present false evidence at trial).

In the instant matter, Plaintiffs, alleged readers of the Newspaper, are seeking, inter alia, to recover an award for alleged violations of their rights guaranteed by the First Amendment, and to permanently enjoin all Defendants, including Porcari, from interfering with the distribution and/or dissemination of the Newspaper within the City and/or City Hall.

However, such contentions as and against Porcari are without merit because the allegations concerning his actions merely involve his interpretation and enforcement of the Code, which Plaintiffs have not challenged in this action.

As an attorney for the Office of the Corporation Counsel, Porcari, among other things, interprets the Code and prosecutes violations of same. In fact, Porcari's main duty is to prosecute violations of the Code.

Only two paragraphs of the Complaint set forth specific allegations against Porcari. See Complaint at ¶¶ 16 and 19. Specifically, the Complaint alleges that Porcari observed potential

violations by individuals (not Plaintiffs), and informed them that their conduct constituted violations of the Code, and if it continued, they would be issued violations. Id.

Such allegations concern actions which are "intimately associated" with the duties and responsibilities in which Porcari is entrusted as an attorney for the Office of the Corporation Counsel. In fact, if true, such activities would be prudent. Indeed, attorneys for the City should be allowed to warn people that their conduct violates the Code rather than idly sit by, do nothing and allow violations of the Code to occur.

Accordingly, Porcari is entitled to absolute immunity.

## POINT II

## PORCARI IS ENTITLED TO QUALIFIED IMMUNITY

If this Court determines that Porcari is not absolutely immune from suit, then he is shielded from individual liability pursuant to the doctrine of qualified immunity.

"Qualified immunity protects government officials from civil liability when performing discretionary duties insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Demoret v. Zegarelli, 451 F.3d 140, 148 (2d Cir. 2006). Put another way, a government official has qualified immunity for actions that were "objectively reasonable." Day v. Morgenthau, 909 F.2d 75, 78 (2d Cir. 1990).

The doctrine of qualified immunity shields government officials performing discretionary functions from liability for civil damages arising from claims brought against them in their individual capacities. Trask v. Franco, 446 F.3d 1036 (10th Cir. 2006). The threshold inquiry is whether plaintiff's version of the facts shows that the conduct violated a constitutional right. Demoret. If a plaintiff is unable to demonstrate the threshold inquiry, the analysis stops. Id.

If the initial threshold is met, the inquiry turns to whether the right was clearly established. Demoret. Government officials will be immune from liability if they can establish that it was objectively reasonable for them to believe that their actions were lawful at the time. Id.

In the instant matter, the threshold inquiry is not satisfied because Plaintiffs' version of the facts does not show that Porcari's conduct violated their First Amendment rights. Plaintiffs are merely alleged readers of the Newspaper. The allegations levied against Porcari involve actions supposedly taken against employees and one officer of the Guardian, none of whom are plaintiffs in the instant action. As a result, accepting the factual allegations as true for the purposes of this motion, Porcari's alleged actions did not violate any right, let alone a constitutional right of any of Plaintiffs. Accordingly, because Plaintiffs' constitutional rights were not violated, the action must be dismissed as and against Porcari.

Even if somehow the analysis does not stop there, as it should, Porcari is immune from liability because the constitutional rights Plaintiffs claim are violated were not "clearly established" with regard to the actions alleged against Porcari in the Complaint.

In addition, Porcari's alleged actions involve him interpreting the Code, reasonably surmising that individuals (employees and an officer of the Guardian) were violating the Code and prudently advising them that summonses would be issued if the violations continued. It would be objectively reasonable for Porcari to believe that such alleged actions were lawful at the time. They are neither unreasonable nor unlawful, and certainly not actionable. Rather, they involve Porcari acting in good faith by informing these individuals that their actions violated the Code.

Accordingly, the Complaint must be dismissed as and against Porcari.

## CONCLUSION

For the reasons set forth above, it is respectfully requested that the Court grant Porcari's motion in its entirety and such other and further relief as this Court may deem just and proper.

Dated: White Plains, New York
September 26, 2007

THACHER PROFFITT & WOOD LLP
*Attorneys for Defendants*

By: _____
Kevin J. Plunkett
Darius P. Chafizadeh
50 Main Street
White Plains, New York 10606
(914) 421-4100