UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DIANA R. SAYEGH, ANTHONY MATIAS, MARLENE HESLOP, ISSA THALGY, JACQUELINE THALGY, KRISHENDAY MARJAH, WENDY RAM, TEELUCK RAM, MARY BOSTWICK, TINA BOSTWICK, ANTON LUKAJ, MICHAEL MATIAS, AMAYRA PEREZ, JASON K. RAMPERSAD, Jr., an infant by his mother and best friend KRISHENDAYE MARJAH and DELFIM HEUSLER,<br><br>                    Plaintiffs,<br><br>     -against-<br><br>PHILIP AMICONE, individually, EDMUND HARTNETT, individually, JOHN A. LISZEWSKI, individually, JOHN FLEMING, individually, DAVID SIMPSON, individually, LAWRENCE A. PORCARI, Jr., CITY OF YONKERS, New York, PAUL WOOD, individually, POLICE OFFICERS JOHN DOES #1 to #20, individually, and SANITATION WORKERS #1 to #20, individually,<br><br>                    Defendants. | ECF Case<br><br>07 Civ. 8048 (CLB)<br><br>**ANSWER/AFFIRMATIVE DEFENSES**<br><br>**JURY TRIAL DEMANDED** |

Defendant Lawrence A. Porcari (the "Defendant") by and through his attorneys, Thacher Proffitt & Wood LLP, answers the complaint of Plaintiffs (the "Complaint") as follows:

### NATURE OF THE ACTION

1.     Denies the truth of the allegations set forth in paragraph 1 of the Complaint as they relate to the actions of the Defendant. The remaining allegations set forth in paragraph 1 of the Complaint state legal conclusions as to which no responsive pleading is required.

### JURISDICTION

2.     The allegations set forth in paragraph 2 of the Complaint state legal conclusions as to which no responsive pleading is required. Defendant respectfully refers the Court to 28 U.S.C. §§ 1331 and 1343 for their complete terms.

## THE PARTIES

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Admits the allegations set forth in paragraph 4 of the Complaint.

5. Admits the allegations set forth in paragraph 5 of the Complaint.

6. Admits the allegations set forth in paragraph 6 of the Complaint.

7. Denies the allegations set forth in paragraph 7 of the Complaint accept admit that John Fleming is an employee of the Defendant City.

8. Denies the allegations set forth in paragraph 8 of the Complaint accept admit that David Simpson is an employee of the Defendant City.

9. Admits the allegations set forth in paragraph 9 of the Complaint.

10. Admits the allegations set forth in paragraph 10 of the Complaint.

11. Admits the allegations set forth in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

## THE FACTS

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Denies the allegations set forth in paragraph 17 of the Complaint.

18. Denies the allegations set forth in paragraph 18 of the Complaint.

19. Denies the allegations set forth in paragraph 19 of the Complaint.

20. Denies the allegations set forth in paragraph 20 of the Complaint.

21. Denies the allegations set forth in paragraph 21 of the Complaint.

22. Denies the allegations set forth in paragraph 22 of the Complaint.

23. Denies the allegations set forth in paragraph 23 of the Complaint.

24. Denies the allegations set forth in paragraph 24 of the Complaint.

## AS AND FOR A FIRST CLAIM

25. In response to the allegations contained in paragraph 25 Defendant repeats and realleges his responses set forth in paragraphs 1-24 of as if fully incorporated herein.

26. Denies the allegations set forth in paragraph 26 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

27. The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

28. The Defendant is entitled to qualified and/or absolute immunity.

## THIRD AFFIRMATIVE DEFENSE

29. Plaintiffs lack capacity and or standing to sue.

## FOURTH AFFIRMATIVE DEFENSE

30. The Court lacks personal and/or subject matter jurisdiction.

**WHEREFORE**, Defendants respectfully requests that the Court enter an order

(i)     dismissing the Complaint in its entirety;

(ii)    awarding the Defendant attorneys' fees and costs; and

(iii) granting Defendant any other and further relief as the Court deems just and proper.

Dated: White Plains, New York
November 15, 2007

                           THACHER PROFFITT & WOOD LLP

        s/ Darius P. Chafizadeh
          By: _____
               Kevin J. Plunkett
               Darius P. Chafizadeh
               *Attorneys for Defendants*
               *Lawrence A. Porcari*
               50 Main Street
               White Plains, NY 10606
               914-421-4100

TO:   Lovett & Gould, LLP
       222 Bloomingdale Road
       White Plains, New York 10605
       (914) 428-8401